IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>**WILFORD FRANK WINTER,**<br><br>　　　　　　Defendant. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 2:05CR543DAK<br><br>Judge Dale A. Kimball |

　　　　Defendant Wilford Frank Winter has filed a motion for early termination of his remaining supervised release. Defendant was sentenced to forty-six months incarceration and a term of one hundred twenty months of supervised release. Defendant's term of supervised release began September 11, 2009. Therefore, his term of supervised release is not set to terminate until September 2019.

　　　　Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any

policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

Defendant's letter indicates that Defendant has completed a four level sexual offense program and continues to be in a stable and supportive marriage. Defendant's letter demonstrates that he regrets his prior actions and has worked hard to learn how to make better decisions. The court contacted Defendant's Probation Officer who stated that Defendant has demosntrated significant improvement during his supervised release and continues to work on his decision-making skills. While the court does not want to diminish the significance of Defendant's accomplishments, the court believes that the nature of Defendant's offense and his personal circumstances justified a lengthy period of supervised release and continued supervision will help ensure that Defendant continues to move along the right path. The court applauds Defendant for his turnaround but concludes that Defendant will be helped by staying on supervised release for at least one more year. The court is willing to consider a similar motion in another year. Defendant's motion to terminate supervised release, therefore, is denied at the present time.

DATED this 26th day of May, 2015.

_____
DALE A. KIMBALL
United States District Judge